UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CHAUNCEY BRYANT,

                Plaintiff,

      -against-                       **COMPLAINT**

THE CITY OF NEW YORK, RICHARD DEE,
PETER CARRETTA, GILBERT  BARKMAN,
TIMOTHY SHERIDAN, JOEBIAN ORTIZ,      **PLAINTIFFS DEMAND**
                     Defendants.        **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Chauncey Bryant, by his attorneys, attorneys, Lumer & Neville, as and for their Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff Chauncey Bryant was an adult male resident of Kings County, in the State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all relevant times hereinafter mentioned, defendant Richard Dee was employed by the City of New York as a member of the NYPD with the rank of Captain, or higher, and assigned to Brooklyn South Gang Squad ("BSGS").  Defendant Dee is sued herein in his official and individual capacities.

4.      At all relevant times hereinafter mentioned, defendant Peter Carretta was employed by the City of New York as a member of the NYPD with the rank of Lieutenant, or higher, and assigned to Brooklyn South Gang Squad ("BSGS").  Defendant Carretta is sued herein in his official and individual capacities.

5.      At all relevant times hereinafter mentioned, defendant Gilbert Barkman was employed by the City of New York as a member of the NYPD with the rank of Sergeant, or higher, and assigned to Brooklyn South Gang Squad ("BSGS").  Defendant Barkman is sued herein in his official and individual capacities.

6.      At all relevant times hereinafter mentioned, defendant Timothy Sheridan (Tax 894360), was employed by the City of New York as a member of the NYPD with the rank of Detective, or higher, and assigned to Brooklyn South Gang Squad ("BSGS").  Defendant Sheridan is sued herein in his official and individual capacities.

7.      At all relevant times hereinafter mentioned, defendant Joebian Ortiz (Tax 894360), was employed by the City of New York as a member of the NYPD, or higher, and assigned to Brooklyn South Gang Squad ("BSGS").  Defendant Sheridan is sued herein in his official and individual capacities.

8.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

9.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

2

## RELEVANT FACTS

10.     On April 13, 2011, at about 5:00 p.m., plaintiffs was lawfully present outside of a residence on or near East 56th Street and Avenue H in Brooklyn, New York.

11.     At this time, the defendants arrived in several NYPD vehicles, and seized plaintiff on the sidewalk.

12.     Dee was the supervising officer on the scene. Carretta was the second-in-command on the scene, and Barkman was the third-in-command.

13.     Plaintiff was not engaged in any unlawful or suspicious activity.

14.     Although there was no legal basis to seize plaintiff, defendants handcuffed and took him into custody.

15.     The defendants searched plaintiff, or caused him to be searched.  The searches  yielded no evidence of guns, drugs, or any other contraband.

16.     Despite the absence of any evidence of wrongdoing on the part of the plaintiff, the defendants formally arrested him, as well as numerous other individuals defendants found inside a nearby building.

17.     The decision to arrest the plaintiff was objectively unreasonable under the circumstances.

18.     Sheridan was the plaintiff's arresting office. The arrest was made with the knowledge and approval of each of his three supervising officers, Dee, Carretta, and Barkman.

19.     Defendants kept plaintiff on the scene for a period of hours before

3

transporting him to a local area station house where he was held for many more hours.

20.     Plaintiff was eventually released from defendants' custody without being charged and without being issued any summonses or desk appearance tickets.

21.     As the supervising officers on the scene, Dee, Carretta, and Barkman were aware that defendants lacked probable cause to arrest the plaintiff, but permitted his arrest anyway.

22.     At no time did the defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the other defendants and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

23.     At no time prior to or during the encounter was there probable cause to arrest the plaintiff.

24.     That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.


## FIRST CAUSE OF ACTION

25.     Plaintiff repeats the allegations contained in paragraphs "1" through "24" above as though stated fully herein.

26.     The individual defendants willfully and intentionally seized, searched, detained, and arrested the plaintiff without probable cause, and without a reasonable basis to

believe such cause existed.

27.     By so doing, the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, and unlawful searches of person and property, and thereby violated and aided and abetted in the violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

28.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

29.     Plaintiff repeats the allegations contained in paragraphs "1" through "28" above as though stated fully herein.

30.     Defendant City of New York was responsible for ensuring reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

31.     Sheridan's actions in this matter – condoned by the other individual defendants – were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

32.     More precisely, under this policy or plan, officers within the Gang Division (of which the defendants' Brooklyn South Gang Squad is a subdivision) would knowingly make arrests of individuals regardless of whether there was any factual basis for

the charges.  The arresting officer(s) would then make false statements of fact as to seeing the individual(s) being arrested in actual or constructive possession of the contraband in question.

33.     The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

34.     In addition, members of the Gang Division are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria.  Thus, members of the Gang Division routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

35.     The NYPD generally, and BSGS in particular, tracks the number of arrests made by each officer but does not take into account the outcome of these arrests, even though this information is available to the NYPD. As a result, members of the Gang Division are well aware that (a) they are being evaluated based on, in large part, the number of arrests made, and (b) their supervisors do not care whether these arrests lead to criminal prosecutions, much less convictions.

36.     By reason thereof, defendant has violated  42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

37.     Plaintiff repeats the allegations contained in paragraphs "1" through "36" above as though stated fully herein.

38.     Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority with respect to abusing their arrest powers.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

39.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

40.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise,

investigate, promote and discipline police and correction officers and supervisory officers.

41.     The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

42.     The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

43.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

44.     Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

45.     By reason thereof, defendant has violated  42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii.   on the second and third causes of action, actual damages in an amount to be determined at trial;

iii.  statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

iv.   such other relief as the Court deems just and proper.

Dated:   New York, New York
         April 14, 2014

LUMER & NEVILLE
Attorneys for Plaintiff

By: _____
Michael Lumer, Esq.
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060